# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Victor Shelton, | Civil No. 26-CV-00050 (MJD/ECW) |
| Plaintiff, | |
| v. | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Paul Schnell, William Bolin, Dan Moe, Marisa Williams, Michael Warner, Nicole Riemenschneider, Cornelius Emily, Scott Gary, Tonja Tidgwell, Brady Scott, Scott Roffers, Tara Rathman, Susan Norton, Lana Jensen, Sue Armstrong, Amanda Hofer, Davd Spets, Christian Kline, Kevin Poliszuk, Thomas Domagala, Jacob Winberg, and John Doe 1–4, | |
| Defendants. | |

This matter is before the Court on Plaintiff Victor Shelton's Verified Complaint for

Violation of Civil Rights Under 42 U.S.C. § 1983 (Dkt. 6 ("Amended Complaint")).[1]  For

the following reasons, the Court directs Shelton to file a Second Amended Complaint

---

[1]   The Court refers to this document as the Amended Complaint because Shelton initiated this action with a filing received on January 5, 2026, that also purported to be a complaint.  (*See* Dkt. 1.)  In an order dated January 9, 2026, this Court warned Shelton that his opening filing "seem[ed] to lack any actual pleading" and instead "consist[ed] of a set of exhibits."  (Dkt. 5 at 2 n.2.)  The Court therefore assumes that Shelton intends the Amended Complaint to replace his original pleading in this action.  *Cf.* Fed. R. Civ. P. 15(a)(1) (providing, as relevant here, for amendment of pleading once "as a matter of course").

limited to one properly joined set of claims.  The Court also recommends denying certain pending motions as moot.

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[2]  Rule 8(d)(1) also requires that each allegation in a pleading "be simple, concise, and direct." These rules require a clear, succinct statement of the facts and claims so that the Court and a matter's defendants can understand and respond.

The Amended Complaint plainly violates Rule 8.  Far from being "short and plain," the pleading spans essentially 71 single-spaced pages.  (*See* Dkt. 6.)  That length also excludes an additional 42-page "[m]emorandum of [l]aw" that Shelton provided in support of the Amended Complaint or a 61-page declaration that Shelton also submitted. (*See* Dkt. 7, 12.)  The Amended Complaint is highly detailed and repetitive, making it hard to discern each claim's core.  While federal pleadings have no strict page limit, length and complexity can violate Rule 8 when they obscure the claims' substance.  In its present form, the Amended Complaint "scatter[s] and conceal[s] in a morass of irrelevancies the few allegations that matter."  *United States v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also, e.g.*, *Iverson v. City of Brooklyn Ctr.*, No. 23-

---

[2] "The words 'short and plain' are themselves short and plain, and they mean what they say: A complaint must be concise, and it must be clear.  Rule 8 was not promulgated to provide helpful advice; it has the force of law, and it must be followed."  *Gurman v. Metro Hous. & Redevelopment Auth.*, 842 F. Supp. 2d 1151, 1152 (D. Minn. 2011).

CV-0917 (NEB/LIB), 2024 WL 3178041, at *1 (D. Minn. Mar. 11, 2024) (quoting *Lockheed-Martin Corp.*), *aff'd*, No. 24-2691, 2024 WL 5415776 (8th Cir. Oct. 16, 2024).

The Amended Complaint also violates the Federal Rules's provisions on joinder of claims and parties. Shelton is trying to sue more than 20 defendants for various unrelated incidents and issues, all in a single lawsuit. This is a classic "kitchen-sink" or "buckshot" pleading. To be sure, Rule 18(a) lets a plaintiff bring multiple claims against one defendant in an action. But Rule 20(a)(2) permits joinder of multiple defendants only if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The rule's effect is that unrelated claims against different defendants must be brought in separate lawsuits: "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *see also, e.g.*, *Palmer v. Anoka County*, No. 25-CV-2340 (ECT/DJF), 2025 WL 2506132, at *2 (D. Minn. Sept. 2, 2025); *Shelton v. McLeod County*, No. 16-CV-0466 (JRT/SER), 2016 WL 11486911, at *2 (D. Minn. Apr. 19, 2016) (citing cases).

The Amended Complaint breaks these rules, too. The allegations suggest that Shelton challenges a wide range of events and conduct, including disciplinary proceedings at various points in 2023, incidents of harassment or retaliation by various staff members on different dates, denial of access to legal materials while in segregation, and other distinct events. (*See, e.g.,* Dkt. 6 at 5, 6, 13, 17, 23.) These allegations involve

3

different groups of defendants and do not all arise from the same transaction or occurrence. (*Id.*) Under Rule 20, Shelton cannot lump these disparate claims against different defendants into one action. Shelton must address each distinct claim (or set of related claims) in a separate lawsuit. "This joinder problem is particularly important in prisoner litigation because prisoner suits face the limitations imposed by the Prison Litigation Reform Act (e.g., requiring initial partial filing fees for each suit, and limiting use of IFP status after a prisoner filed a certain number of suits deemed frivolous)." *Broussard v. Hollenhorst*, No. 22-CV-0342 (SRN/ECW), 2022 WL 748470, at *3 (D. Minn. Mar. 11, 2022) (citing *George*, 507 F.3d at 607), *aff'd*, No. 22-1774, 2022 WL 10557060 (8th Cir. Sept. 9, 2022).

The Court also notes that Shelton has submitted a large volume of exhibits (over 390 pages) alongside his Amended Complaint. (*See* Dkt. 6-1, 6-2.) Shelton may submit exhibits with his pleading, but exhibits do not relieve him of the obligation to clearly plead his claims in the complaint itself. Courts in this District routinely hold that it is not a court's role to comb through exhibits or other filings to locate allegations or causes of action for a plaintiff. *See, e.g.*, *Devisme v. Ctr. City Hous. Co.*, No. 22-CV-1472 (ECT/LIB), 2022 WL 2759092, at *1 n.1 (D. Minn. July 14, 2022) (citing cases); *Edner v. Dietrich*, No. 22-CV-0070 (JRT/LIB), 2022 WL 981367, at *4 n.7 (D. Minn. Feb. 24, 2022) (same), *aff'd in part, appeal dismissed in part*, No. 22-1664, 2022 WL 4483131 (8th Cir. Aug. 9, 2022); *Jackson v. Hennepin Hosp.*, No. 19-CV-2392 (PJS/ECW), 2020 WL 532973, at *1 n.3 (D. Minn. Jan. 3, 2020) (same), *R. & R. adopted*, 2020 WL 528898 (D. Minn. Feb. 3, 2020). The Court will not do so here.

Finally, the Court cautions Shelton that legal arguments or citations of law, such as those presented in his lengthy memorandum (*see generally* Dkt. 7), are unnecessary in a complaint.  A complaint's purpose is to state the facts and the basic legal claims concisely, not to brief the law or present evidence.  A focused complaint will be easier for the Court to review and for defendants to answer.

The Court therefore orders Shelton to file a Second Amended Complaint within 28 days of this Order's date.  The Second Amended Complaint will fully replace the current Amended Complaint, and must meet these requirements:

- First, the Second Amended Complaint must be complete in itself; it may not supplement or add to materials already filed in this action.

- Second, the Second Amended Complaint must contain a short and plain statement of each claim, and should be written in clear, direct, and concise language.  Shelton should set forth each claim in separately numbered paragraphs, and each paragraph should be as succinct as possible while still stating what happened.

- Third, for each claim, Shelton should identify which defendant(s) are allegedly responsible and what each defendant did (or failed to do) that violated Shelton's rights.  Shelton does not need to cite legal statutes or cases in the complaint.

- Fourth, the Second Amended Complaint must not join unrelated claims or defendants contrary to Rule 20(a)(2).  Shelton must focus the Second Amended Complaint on a single event or series of related occurrences.  All defendants named should be directly involved in that same set of events.  If Shelton has other claims arising from different events or against other individuals, he must bring those in a separate action, not in this case.

- Finally, while there is no fixed page limit, the Court strongly encourages Shelton to be as brief as possible while still providing the necessary facts. A well-pleaded complaint often does not need to be exceedingly long. Given that Shelton's original filings were

exceptionally lengthy, he should make a concerted effort to streamline and focus his Second Amended Complaint.

If Shelton fails to submit a Second Amended Complaint that complies with these guidelines within 28 days, the Court may recommend this action's dismissal for failure to prosecute and failure to comply with court orders.

Also before the Court are Shelton's Motion for Temporary Restraining Order and a Preliminary Injunction (Dkt. 8) and his Motion for Partial Summary Judgment (Dkt. 13). At this juncture, these motions are premature. Because the Amended Complaint is being stricken or amended for the reasons stated, it is not yet clear which claims or defendants will remain in this lawsuit. Until Shelton files a proper Second Amended Complaint that defines this case's scope, granting any affirmative relief based on this matter's claims would be inappropriate. The Court therefore recommends denying Shelton's pending motions (without prejudice to later refiling) as moot.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Plaintiff Victor Shelton submit a Second Amended Complaint consistent with the instructions above within 28 days of this Order's date, failing which the Court will recommend dismissing this action for failure to prosecute or failure to comply with court orders.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** Shelton's Motion for Temporary Restraining

Order and a Preliminary Injunction (Dkt. 8) and Motion for Partial Summary Judgment (Dkt. 13) be **DENIED** as moot, without prejudice to refiling at a later stage of the proceedings.

Dated: February 6, 2026                    *s/Elizabeth Cowan Wright*
                                            ELIZABETH COWAN WRIGHT
                                            United States Magistrate Judge

## NOTICE

**Filing Objections:**  The Report and Recommendation component of this Order and Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).